■ ALAN M. LEFF, M.D., P.C., Respondent, v JOHN A. BUONO-CORE, D.O., P.C., Appellant, et al., Defendant. [806 NYS2d 482]—

Order, Supreme Court, New York County (Paula J. Omansky, J.), entered October 5, 2004, which granted plaintiff's motion for an order directing defendant to endorse certain checks and disburse funds in accordance with a final accounting, unanimously reversed, on the law, without costs, the motion denied and the matter remanded for further proceedings in accordance with this decision.

The parties formed a medical partnership on September 30, 1998, and terminated it on July 23, 1999. By letter agreement dated September 17, 1999, the parties agreed to cooperate in the selection of a certified public accountant to review the partnership books for purposes of resolving the parties' obligations to each other.

Disputes arose over the selection of an accountant, and plaintiff commenced this action. On March 3, 2001, the parties entered into a "so-ordered" stipulation providing that counsel for the parties would select an independent accountant within two weeks of the order, and that upon completion of the accounting, the partnership funds would be disbursed "pursuant to the partnership agreement." It also provided that all previous stipulations, including one from March 2000, were to remain in effect. This last provision referred, inter alia, to previous orders for plaintiff to provide numerous items of discovery.

Defendant contends that plaintiff selected an accountant named Feld over his objection. However, the record does not indicate that defendant's counsel offered the name of another accountant during the two-week time period directed by the court. Feld submitted a six-page report on December 15, 2002. Four months later, a one-page supplementary report was submitted.

On March 14, 2003, plaintiff moved for an order directing defendant to endorse certain checks made payable to the partnership, pursuant to a final distribution of funds, or, alternatively, for a judgment disbursing the funds as recommended in the final accounting.

Defendant opposed the application, arguing that Feld had not contacted either him or his attorney, and hence he relied only on information provided by plaintiff. Defendant also contended that since discovery had not been completed, the accounting was inadequate and no funds should be distributed until all discovery was provided.

Although the IAS court criticized plaintiff for not providing discovery, it adjourned the motion to permit defendant to retain his own accountant. Defendant's accountant criticized the methodology and questioned some of Feld's conclusions but made no specific finding as to whether either party was entitled to more or less money.

While acknowledging that plaintiff had not offered adequate excuses for his failure to complete discovery, the court nonetheless adopted Feld's accounting and granted plaintiff's motion.

Notwithstanding that the court allowed defendant to hire his own accountant, absent the information demanded in discovery, the accounting cannot be complete until all discovery is provided and the remaining terms of the March 2000 stipulation are adhered to. On this record, we cannot conclude, as a matter of law, that plaintiff is entitled to the amount awarded.

Therefore, the order is vacated, the motion denied, and the matter is remanded for the appointment of a referee to supervise discovery. Upon completion of discovery, defendant is directed to file specific, detailed objections, within 90 days to the accountant's conclusions or lack of documentation. Plaintiff is directed to file his responses within 30 days thereafter. Concur—Tom, J.P., Marlow, Ellerin, Sweeny and Catterson, JJ.